Dear Mr. Smith:
This letter is in response to your request for an opinion asking as follows:
 "The Cape Girardeau County Court has adopted an official master plan pursuant to Section 64.815
RSMo Supp. 1975. The County Planning Commission requests an opinion on the extent of its regulatory powers, in any, under Section 64.820 RSMo. 1969. The statute states in part:
 `From and after the adoption of the official master plan or portion thereof and its proper certification and recording, thereafter no improvements of a type embraced within the recommendations of the official master plan, or part thereof, shall be constructed or authorized without first submitting the proposed plans thereof to the county planning commission and receiving the written approval or recommendations of the commission. . . .'
 "The specific questions of the Cape Girardeau County Planning Commission are as follows:
 "(1) Is an official master plan adopted by the County Court a land use control device or merely a guide to county development?
 "(2) If the County Planning Commission possesses regulatory powers under Section 64.820 RSMo. 1969, what is the extent of its authority in the event its recommendations are not followed?
 "(3) What remedies are available to the County Planning Commission in the event its recommendations are not followed?"
We note that your questions are very broad and we do not feel obliged to issue a comprehensive opinion interpreting the provisions in question. Further, we are not in a position to attempt to resolve particular questions that may be before the Commission.
After planning is approved by the voters under Section 62.800, RSMo, a planning commission is established under Section 64.805, RSMo, which has the general powers set out in Section 64.810, RSMo. Under Section 64.815, RSMo Supp. 1975, the county planning commission must prepare a master plan of the county which may be adopted after a public hearing by the county court in whole or in part and may be subsequently amended or extended by the county court after a public hearing. After the adoption of the plan or part thereof by a resolution carried by not less than a majority of the full membership of the county court an attested copy must be certified by the county court to the recorder of deeds and to the clerk of each incorporated area covered by the plan or part thereof.
Under Section 62.820, RSMo, after the adoption of a master plan or portion thereof and its proper certification and recording "no improvement of a type embraced within the recommendations of the official master plan, or part thereof, shall be constructed or authorized without first submitting the proposed plans thereof to the county planning commission and receiving the written approval or recommendations of the commission." This requirement, however, is waived if the county planning commission fails to make its report and recommendations within forty-five days after receipt of the proposed plans.
It is clear that under these statutes the official master plan, once adopted by the county court, is more than a guide to county development. It is essentially a land use control device which can be enforced as provided in Section 64.895, RSMo. Under Section 64.825, the county planning commission may also prepare, with the approval of the county court as part of the official master plan, regulations governing subdivisions of land in unincorporated areas and may change the same from time to time. Such section sets out the scope of such regulations. It is also clear that once such regulations are approved by the county court as part of the official master plan after a public hearing, such regulations also fall within the enforcement provisions of Section 64.895.
The difficulty in the question you present comes in interpreting the provisions of Section 64.820. Under that section (which is similar to Section 64.570, RSMo), as we have noted, the planning commission must give its approval or recommendations with respect to improvements which are to be constructed or authorized of a type embraced within the recommendations of the official master plan. We find no case or other authority to guide us in determining the authority of the commission under Section 64.820. We are of the view, however, that the authority of the commission under such section to disapprove such improvements must relate to requirements existing by reason of the master plan or the regulations promulgated pursuant to Section 64.825, and cannot be based upon requirements not properly found in the master plan as adopted, amended or as extended by regulation. See 82 Am.Jur.2d, Zoning and Planning § 167, pp. 669-671. In other words, it is our view that the regulatory powers of the county planning commission are limited to those areas set out under the master plan and regulations pursuant thereto.
Very truly yours,
 JOHN ASHCROFT Attorney General